IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00839-BNB

DEBBIE GILLON,

    Plaintiff,

v.

LA VISTA CORRECTIONAL FACILITY, and
COLORADO DEPT. OF CORRECTIONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 12 2010

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Debbie Gillon is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Gillon, acting *pro se*, initiated this action on April 7, 2010, by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Ms. Gillon is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Gillon will be ordered to file an Amended Prisoner Complaint.

Ms. Gillon asserts that she was denied emergency medical treatment for a detached retina in her left eye. Ms. Gillon further asserts that because the surgery to repair the detached retina was delayed she has suffered permanent damage, including blurred vision in her left eye, reduced peripheral vision, headaches, and pressure

behind her left eye. Ms. Gillon seeks money damages and injunctive relief.

Ms. Gillon may not sue the Colorado Department of Corrections or the La Vista Correctional Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Ms. Gillon must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Gillon must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A

named defendant may not be held liable merely because of his or her supervisory position. See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Gillon further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to [ ] her; when the defendant did it; how the defendant's action harmed [ ] her; and, what specific legal right [she] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Ms. Gillon file **within thirty days from the date of this Order** an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Ms. Gillon, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint.

FURTHER ORDERED that if Ms. Gillon fails to file an Amended Complaint, within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 12th day of May, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00839-BNB

Debbie Gillon
Prisoner No. 60340
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** form to the above-named individuals on 5/12/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk