IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00839–MSK–KMT

DEBBIE GILLON,

    Plaintiff,

v.

JUDY BEAMAN, Medical Supervisor,
MICHAEL SAXEROD, Optomotrist,
JENNIFER MASCARANAS, RN.,
DORIEN MARTINEZ, Medical Records,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion for leave to Grant Permission to Add Additional Defendants, Claims, and Exhibits to Amended Complaint" (Doc. No. 38, filed November 9, 2010).

Plaintiff seeks to add a fifth defendant, Cindy Glassman, and to add two additional claims for relief. (*Id.* at 1.) Plaintiff also seeks to add exhibits to her complaint. (*Id.*)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

The Scheduling Conference was held on October 7, 2010, and a deadline for the parties to amend the pleadings was set at November 21, 2010.  (Doc. No. 28.)  As such, Plaintiff's motion is timely.  The discovery deadline is set at April 7, 2011, and no trial has been set.  (Doc. No. 28.)  Thus, the case is still in the early stages of litigation.

Defendants do not object to the motion, provided the caption is amended to reflect the correct spellings of the DOC Defendants' names as Judy Beeman, Jennifer Mascarenas, Doris Martinez, and Cynthia Glassman.  (*See* Doc. No. 50.)  The court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's Motion for leave to Grant Permission to Add Additional Defendants, Claims, and Exhibits to Amended Complaint" (Doc. No. 38) is GRANTED.  The Clerk of Court shall file Plaintiff's "Amended Complaint and Jury Demand" (Doc. No. 38-1).  The caption and the docket shall be amended to reflect the correct spellings of the defendants' names as Judy

Beeman, Jennifer Mascarenas, Doris Martinez, and Cynthia Glassman. Defendants shall answer or otherwise respond to the Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

Dated this 4th day of January, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge